### PERRY & MOORE *v.* WHITMAN WHEELER.

#### *Assumpsit.    Contract.*

In case of a mere executory contract to sell and to buy on a certain day, where each promise is the entire consideration for the other promise, neither party can maintain an action, without avowing a readiness to perform on his part at the time and place, or an excuse, by the act of the other party.

ASSUMPSIT. The suit was commenced before a justice of the peace, and came to the county court by appeal. Plea, general issue, and trial by jury.

It was agreed by the parties, that the plaintiffs were partners as alledged in the declaration, and that by the contract on which the action is brought, the plaintiffs were to take, and the defendant was to deliver the twenty-six lambs named in the declaration at the place therein named, and for the price therein named, on the fifteenth day of August, 1850, that being the day on which the plaintiffs were to take other lambs bought by them, in the vicinity of the defendant. And it appeared in evidence, that plaintiffs made no call on the defendant for a delivery of the lambs until the sixth day of September, 1850. It further appeared, that on the 18th day of August, 1850, the defendant sold the said lambs to a drover from Massachusetts, and on the 22d of the same month delivered them to said drover in pursuance of said sale. The plaintiffs also introduced testimony tending to show the amount of damage they had sustained by the breach alledged.

The county court, September term, 1851,— COLLAMER, J., presiding,—directed the jury to return a verdict for defendant. Exceptions by plaintiffs.

*O. L. Shafter* for plaintiffs.

The failure of the plaintiffs to take the sheep at the day did not give the right to rescind. The defendant was bound to wait at least a reasonable time, and that question should have been submitted to the jury. Chit. on Con. 427, *Hende* v. *Whitehouse,* 7 East 571. *Bloxam* v. *Saunders,* 4 B. & C. 945. *Wilmshurst* v. *Bowker,* 5 New Cases 551.

*Stoughton & Baxter* for defendant.

In actions for damage in case of non-delivery the plaintiff must alledge and prove on trial that he was present at the time and place ready and willing to receive and pay for the property. *Tapping* v. *Root*, 5 Cowen 404. Phil. on Ev., Cowen & Hill's Notes, p. 102, notes 297 and 298.

When a party wholly fails to perform an offer, after the time elapses, the adverse party is under no obligation to perform. *White* v. *Yaw*, 7 Vt. 357. *Cleaveland* v. *Burton et al.*, 11 Vt. 138.

Payment or earnest money vests the property in the vendee. Lang on Sales, 270.

In the case at bar no earnest was paid, the contract was certainly executory and no property passed.

By THE COURT. If this case were of an amount sufficient to justify severe scrutiny, or to call it forth, there is no doubt ground for extended debate in regard to the particular class of contracts under which it falls. The facts are very loosely stated, the declaration is lost, and it is not easy to say precisely how the case did stand in the court below. But all reasonable presumptions are to be made in favor of judgment.

It does not appear, that the particular lambs were designated, or that any thing was done to pass the title from the vendor to the vendee. If that were the case it is doubtful whether the vendor could resell, without giving notice to the vendee, as in the case of a pledge of chattels, but we do not deem it necessary to go into this point. And an examination of the cases is important to determine how far such notice is required even in a case where the title passes subject to the vendor's lien for the price.

But the case seems to us to be a mere executory contract to sell and to buy on a certain day. In such case each promise is the entire consideration for the other promise, and neither can maintain an action without avowing a readiness to perform on his part at the time and place, or an excuse, by the act of the other party, such readiness is in the nature of a condition precedent. Chitty on Contracts, 738, and note and cases cited.

Judgment affirmed.